OPINION
Defendant-appellant, Mark A. Nicodemus, appeals the judgment of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's petition for post-conviction relief and dismissed the petition without a hearing.
Plaintiff-appellee, the state of Ohio, indicted appellant on two counts of felonious sexual penetration, two counts of rape and nine counts of gross sexual imposition. The indictment alleged that appellant engaged in sexual activity with two young sisters, ages twelve and ten years, on May 4, and May 5, 1996. Ultimately, the indictment was amended to eliminate several duplicative counts. As amended, the indictment charged appellant with two counts of rape, one count of felonious sexual penetration, and two counts of gross sexual imposition.
Subsequently, a jury trial commenced. The jury returned a verdict of guilty on one count of rape of the twelve-year-old girl. The rape was specifically based upon a finding that appellant compelled the girl to submit to cunnilingus by force or threat of force. The jury acquitted him of the second rape charge that alleged vaginal intercourse. The jury also convicted appellant of felonious sexual penetration of the same twelve-year-old girl, but found that he had not purposefully compelled submission by force or threat of force. The jury also found appellant guilty of two counts of gross sexual imposition. Appellant was sentenced accordingly.
Appellant's conviction was affirmed on direct appeal.State v. Nicodemus (May 15, 1997), Franklin App. No. 96APA10-1359, unreported. Appellant filed a petition for post-conviction relief. The trial court denied the petition and dismissed it without a hearing.
Appellant appeals, raising two assignments of error:
FIRST ASSIGNMENT OF ERROR
 The trial court erred at page 180 of the record when it denied appellant's petition to vacate or set aside sentence on grounds of ineffective assistance of trial counsel.
 SECOND ASSIGNMENT OF ERROR
 The trial court erred at page 180 of the record when it denied appellant an evidentiary hearing on his petition to vacate or set aside sentence on grounds of ineffective assistance of trial counsel.
We will address appellant's two assignments of error together, wherein appellant asserts that the trial court erred in denying his petition for post-conviction relief and for dismissing it without holding a hearing. We disagree.
As noted above, appellant challenges the trial court's decision as it relates to his petition submitted on grounds of ineffective assistance of counsel. The United States Supreme Court has established a two-step process for evaluating an allegation of ineffective assistance of counsel. First, the defendant must show that, in light of all the circumstances, counsel's performance was outside the range of professionally competent assistance and, thus, was deficient. Strickland v.Washington (1984), 466 U.S. 668. Second, the defendant must show that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. Id. The petitioner has the burden of proof to demonstrate ineffective assistance of counsel. Statev. Calhoun (1999), 86 Ohio St.3d 279, 289.
Here, in appellant's petition for post-conviction relief, he asserts that he was denied effective assistance of counsel because his trial counsel failed to call certain witnesses, and to both elicit and impeach particular testimony from witnesses who took the stand in order to demonstrate that appellant did not use a computer in the victims' home. However, we initially acknowledge that appellant's trial counsel questioned appellant about his use of the computer when appellant was testifying at trial. As well, we note that additional testimony regarding appellant's use of the computer in the victims' home would only address a peripheral issue in this case. Whether appellant used the computer in the victims' home is irrelevant to the issue of whether he committed the above sexual acts and does not undermine the detailed testimony from the victims describing the sexual acts performed on them by appellant. Therefore, we conclude that appellant has not established a claim of ineffective assistance of counsel through this assertion regarding the need for testimony on appellant's use of a computer in the victims' home.
As well, appellant contends that he was denied effective assistance of counsel because his trial counsel failed to elicit testimony regarding the victims being physically abused by their father. However, in establishing these contentions, appellant makes no suggestion that the girls' father sexually abused them. Thus, the absence of such testimony does not undermine the jury's decision. Accordingly, we conclude that appellant has not established his claim of ineffective assistance of counsel through these contentions surrounding the lack of testimony on the victims being physically abused by their father.
Additionally, appellant asserts that his trial counsel failed to call a witness to rebut appellee's unsworn factual allegations indicating that no beer "drive-thrus" were located on the route taken by appellant to the victims' home, which was in contrast to appellant's testimony that he stopped at a beer "drive thru" on his way to the victims' home. We previously noted that the unsworn factual allegations did not prejudice appellant's trial. In the direct appeal of this case, we stated:
 * * * [B]y petty bickering and testifying from the podium, [Appellee] may have offended the jury and damaged [its] case. Defense counsel, who is in a far better position to assess the effect of such improper conduct on the jury, chose not to object on several occasions. When counsel did object, the trial court generally sustained the objection and admonished the jury. Under the circumstances, we cannot say that the outcome of the trial was affected [by Appellee's unsworn factual allegations]. [Nicodemus.]
Therefore, it logically follows that appellant was not denied effective assistance of counsel when appellant's trial counsel failed to call witnesses to refute appellee's unsworn factual allegations. Similarly, such testimony would have concerned a collateral matter in this case. Thus, the lack of the testimony surrounding this issue does not undermine the jury's decision to convict appellant of the above sex crimes. Accordingly, we conclude that appellant has not established that he was denied effective assistance of counsel when his trial counsel failed to call a witness to refute the unsworn factual allegations by appellee.
Appellant further contends that his trial counsel failed to call witnesses to testify that appellant voluntarily gave his parents custody of his children, which would have refuted an implication by appellee that appellant was an unfit parent. However, the record demonstrates that appellant elicited testimony on this issue and we find no reason to attack appellant's trial strategy to not elicit additional testimony on these matters. Similarly, had appellant's trial counsel called the witnesses as asserted by appellant, the jury would still have had ample evidence to convict appellant of the above sexual crimes. Accordingly, appellant has failed to establish a claim of ineffective assistance of counsel through his trial counsel's failure to call witnesses to testify about appellant's voluntarily giving his parents custody of his children.
Next, appellant contends that his trial counsel failed to gather crucial evidence from underwear appellant was wearing on the night he was accused of committing the sexual acts. According to affidavits attached to the post-conviction relief petition, an examination of appellant's underwear would have shown no semen, blood or other incriminating stain or residue. However, the jury was not deprived of information on the condition of appellant's underwear. Appellant testified during direct examination that there were no signs of stains on the underwear that he was wearing the night he was accused of committing the sexual acts.
Furthermore, the record establishes that appellant and his trial counsel had pretrial discussions on the condition of the underwear. Appellant's trial counsel was in a far better position to assess the need to proffer the evidence from the underwear and appellant has not compelled us to second guess this decision. Accordingly, we conclude that appellant has not established a claim of ineffective assistance of counsel stemming from trial counsel's failure to gather evidence from appellant's underwear.
Finally, appellant contends that he was denied effective assistance of counsel when his trial counsel failed to move for mistrial after the jury became irrevocably tainted. In their affidavits attached to appellant's petition, Geneva Nicodemus and Jeanne Epply assert that they witnessed one juror repeatedly leave the jury room to make telephone calls. As well, the individuals specify that, after the trial court allowed the jury to view a videotaped recording of appellant during a police interrogation, a juror could not be found because the juror had left the building to deliver a vehicle to a repair shop. However, neither individual alleges that she informed trial counsel of these acts. Appellant cannot claim ineffective assistance of trial counsel as to the mistrial claim where there is no indication that the trial counsel knew of the alleged grounds for a mistrial. Moreover, the trial court considered the allegations by Nicodemus and Epply, and concluded that it would not be compelled to grant a mistrial. The trial court, that reviewed appellant's post-conviction relief petition, was the same trial court that presided over appellant's trial. Thus, the trial court was familiar with the underlying proceedings and was in the best position to assess the credibility of the affidavits and the need to declare a mistrial in this case. See Calhoun, at 286. Therefore, we conclude that appellant has not established a claim of ineffective assistance of counsel as it relates to the issue of the trial counsel's failure to move for a mistrial.
Accordingly, we conclude that the trial court did not err in denying appellant's petition for post-conviction relief. Moreover, we conclude that the trial court was not required to hold a hearing on appellant's petition. A criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing.Calhoun, at 282. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. Id. at 283. The Ohio Supreme Court has recognized that it is not unreasonable to require the defendant to show in the petition for post-conviction relief that such errors resulted in prejudice before being entitled to a hearing. Id. Therefore, before a hearing is granted on a petition for post-conviction relief based on a claim of ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Id. As such, a trial court may deny a petition for post-conviction relief and dismiss it without holding a hearing where the petition, supporting affidavits, documentary evidence, files and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief on the ineffective assistance of counsel claim.Id. at 291. Here, as noted above, the trial court was properly able to conclude that appellant did not establish substantive grounds for a claim of ineffective assistance of counsel. As such, we conclude that the trial court did not err in dismissing the petition without holding a hearing.
In so concluding, we note that appellant previously asserted a claim of ineffective assistance of trial counsel on direct appeal. In rejecting appellant's previous claim, we concluded that appellant was well represented at trial and that the trial counsel was far from ineffective. We highlighted that appellant's trial counsel was successful in getting him acquitted of the vaginal rape charge and of the compulsion enhancement on the felonious sexual penetration charge. Appellant's present post-conviction relief petition fails to establish further claims of ineffective assistance of counsel and does not contradict our previous conclusion on trial counsel's performance.
Appellant's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
DESHLER and LAZARUS, JJ., concur.